## West Branch Bank and Trust Company v. Firemen's Insurance Company of Newark, New Jersey

*McCormick, Herdic & Furst*, for plaintiff.

*John E. Cupp*, for defendant.

LARRABEE, J., September 7, 1937.—This matter comes before the court on argument on a rule to show cause why judgment should not be entered in favor of defendant for want of a sufficient reply to defendant's new matter; defendant averring in the petition for the rule, that plain-

tiff's reply to the said new matter is not sufficient to support a judgment for plaintiff on the facts averred in the statement of claim.

It appears that on September 8, 1932, defendant company issued to Joseph Casale and Angelina Casale, his wife, two policies of insurance in the total amount of $4500, insuring against loss and damage by fire a certain double dwelling house situated at 208 and 210 West Front Street, Williamsport, Pa.

It also appears that on September 15, 1930, Joseph Casale and wife, owners of the insured premises, had executed a mortgage in the sum of $4,000, covering said premises, to secure a loan made by the Lycoming Trust Company of Williamsport; that on January 2, 1934, this company was merged with the West Branch Trust Company, under the name of West Branch Bank & Trust Company, and this last-named company thereby became entitled to all the assets of Lycoming Trust Company, including its interest in the mortgage mentioned, as well as the policies insuring said premises.

At the time the policies of fire insurance were issued to Casale and wife, a printed mortgagee clause, in the standard form, was attached to and made a part of said policies by the defendant company, which mortgagee clause recites, inter alia:

"Loss or damage, if any, under this policy, shall be payable to Lycoming Trust Company, Williamsport, Pa., as first mortgagee, as interest may appear".

These policies contain the following provisions, to wit:

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity unless the claimant shall show compliance with all the requirements of this policy, nor unless commenced within twelve months next after the fire."

"Upon failure of the insured to render proof of loss such mortgagee shall, as if named as insured hereunder, but within sixty days after notice of such failure, render

proof of loss and shall be subject to the provisions hereof as to appraisal and times of payment and of bringing suit".

These conditions recited in said insurance policies are in accord with the laws of this Commonwealth pertaining thereto: The Insurance Company Law of May 17, 1921, P. L. 682, art. V, sec. 523.

On or about May 8, 1933, a fire damaged the property insured, and plaintiff, the mortgagee, averred, in its statement of claim, that immediately the owners of the insured premises gave notice in writing to defendant of the loss incurred, and on July 6, 1933, within sixty days after said fire, the owners rendered to defendant company formal proofs of loss, duly signed and sworn to by them. The mortgagee on August 8, 1935, brought this action, to recover for the loss sustained.

Defendant in its affidavit of defense set forth new matter, averring that this action was not instituted within the period of time expressly limited in the policies, to wit, within one year following said fire, therefore defendant denies the existence of any right of recovery on the part of plaintiff under the said policies.

To this new matter plaintiff answered, that the mortgagee clause inserted in said policy constitutes a separate and independent contract of insurance between the mortgagee and defendant, and the requirement that suit be brought therein within one year following a fire is a condition in the original policy that applies only to the insured owners, and is not a part of the independent contract and therefore its conditions are not binding on the mortgagee.

It is undisputed that this action was not begun by plaintiff until more than two years had elapsed after the fire had occurred.

Plaintiff bases its right to bring this suit, without regard to the one-year limitation stated in the policies, on the theory that by the insurer attaching the standard mortgagee clause to said policies of insurance there was

created a separate, independent contract between the mortgagee and the insurance company, which is so entirely separate and distinct from the contract contained in said policies that the conditions in the policies are not intended to apply to the separate independent contract thus created between the mortgagee and the insurance company. Proceeding on this theory, plaintiff avers that it has the right to institute an action in assumpsit on these policies at any time within the period of six years fixed by our statute of limitations for the bringing of actions in assumpsit.

Plaintiff contends that to make the several conditions contained in these policies applicable to the mortgagee, there must be written upon, or attached to the mortgagee clause itself, some special provision expressing in what manner the conditions of the said policies shall be so applicable, and that no such conditions are written upon, or attached to the mortgagee clause in suit.

Defendant takes the position that the mortgagee is bound as much as the insured, by the conditions contained in the policies as to the furnishing of proofs of loss and requiring that any suit thereon must be brought within the period of one year.

There does not appear to be a decision by the appellate courts of Pennsylvania on the question.

However, there has come to our notice a decision by the appellate court of New York in Howe v. Mill Owners Mutual Fire Insurance Company of Iowa, 241 App. Div. 336, 271 N. Y. Supp. 639 (decided in 1934), which rules on the specific question raised in the instant case.

From the report of that case it appears that a policy was issued insuring buildings against loss by wind storm or tornado, and an action was brought by the mortgagee to recover for a loss sustained. It was alleged that defendant had delivered to plaintiff a New York standard form mortgagee clause which was attached to and formed a part of the policy of insurance in question. That policy also contained the following provision:

"No suit or action on this policy for the recovery of any claim, shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, nor unless commenced within twelve months next after the wind storm, cyclone or tornado".

The action was not brought until more than two years after the alleged loss occurred. Defendant insurance company contended that the complaint was fatally defective by reason of its failure to allege affirmatively either plaintiff's compliance with the conditions of the policy prescribing the short period of limitation of action or to plead a waiver thereof.

In the opinion the appellate court said:

"If the prescribed period of limitation applies to the right of the plaintiff as mortgagee to bring an action upon the policy, it became a condition precedent to his right to recover, and it was incumbent upon him to plead and prove the performance of such a condition or to plead and prove a waiver thereof. . . .

"Accordingly our inquiry may be narrowed to the question: Does the clause of the policy in suit, which limits to twelve months the period within which an action may be brought thereupon, apply to the rights of the plaintiff, a mortgagee?

"Under the rule prevailing in this State, when the defendant, an insurer, executed the standard mortgagee clause in favor of the plaintiff and attached it to the insurance policy in question, a new contract with the plaintiff as mortgagee resulted which was separate and distinct from the one which the insurer already had with the owner of the premises. . . .

" 'The obligation of an insurance company under a policy of fire insurance is limited and defined by the terms of the policy itself. It may, if it chooses, make an independent contract with the mortgagee whereby insurance payable to the mortgagee shall not be invalidated by any act or neglect of the mortgagor. It makes such contract when the standard mortgagee clause is incorporated in

the policy'. . . . In this connection it is important to note that the same rule differentiates between the obligations of the separate contracts: 'By taking the insurance in the manner the mortgagee herein did, instead of taking out a separate policy, all the provisions in the policy, which from their nature would properly apply to the case of an insurance of the mortgagee's interest, would be regarded as forming part of the contract with him, while those provisions which antagonize or impair the force of the particular and specific provisions contained in the clause providing for the insurance of the mortgagee, must be regarded as ineffective and inapplicable to the case of the mortgagee'. . . .

"In the instant case we find no inconsistency between the provisions of the mortgagee clause before us and the clause in the insurance policy which limits to twelve months the time within which any action upon the policy must be commenced. There is no provision in the one which can be reasonably construed to 'antagonize or impair the force of' the other. The time limitation clause in question was a reasonable provision to be drafted into the policy by the insurer for its own protection. . . .

" 'The parties to a contract of insurance may provide for a shorter limitation of actions than that provided in the general Statute of Limitations'. . . .

"The provision is clear and unambiguous that: 'No suit or action on this policy for the recovery of *any* claim, shall be sustainable in any court of law or equity unless . . . commenced within twelve months next after the windstorm'. It is broad in scope and so far as the rights of the plaintiff mortgagee are concerned, it is not contingent upon nor does it relate itself to any personal default or omission by the owner. It gave the plaintiff as mortgagee the right to commence action for his own benefit within twelve months after the loss occurred. The defendant thereby held itself open to liability if plaintiff commenced action within the prescribed time to establish it. This contract of insurance being a voluntary one, the defend-

ant-insurer had the right to fix the terms upon which it would become liable for a loss. To so limit its liability to action from any source was reasonable. 'Defendant is only liable by reason of its promise, and this promise cannot be enlarged by the court so as to fasten a liability on the defendant, which the latter did not undertake'. . . .

"We, therefore, rule that the limitation of twelve months after the alleged loss as the period within which any action could be commenced upon the policy of insurance issued by defendant, was binding upon the plaintiff mortgagee; it was a condition precedent to his recovery which required him to allege affirmatively a compliance with its terms or to plead a waiver thereof".

The appellate courts of Pennsylvania have held that by including the standard mortgagee clause in a policy of fire insurance, the policy not only insures the property owner against loss by fire, but also creates in favor of the mortgagee a separate, distinct and independent contract of insurance: Overholt et ux. v. Reliance Ins. Co. of Phila. et al., 319 Pa. 340; Willits v. Camden Fire Ins. Assn., 124 Pa. Superior Ct. 563.

The question before us is whether the provision in said insurance policy requiring that suit shall be brought thereon within one year after the date of the fire, is a condition that is binding upon the mortgagee.

One of the undoubted rights of the mortgagee under the separate, independent contract, created between the mortgagee and insurance company by the standard mortgagee clause, is the right to bring suit in its own name, and the mortgagee cannot rightfully excuse its failure to bring such suit within the time prescribed in the policy: Swoope v. United States Fire Ins. Co., 87 Pa. Superior Ct. 349.

By the insertion of this mortgagee clause the mortgagee instead of taking out a new, separate policy of insurance, thereby accepted the same policy that had been issued to the insured mortgagor. All the provisions in that policy, which in their very nature would apply

properly to the insurance of the mortgagee's interest, would be regarded as forming part of the contract with the mortgagee, while those provisions and conditions which antagonize or lessen the force of the particular provisions contained in the said mortgagee clause must be regarded as not affecting and not applying to the case of the mortgagee.

The printed forms containing this standard mortgagee clause were physically attached to the identical insurance policies that were issued to the owners and delivered to the mortgagee. This act of the insurance company in attaching a printed mortgagee clause form to each of the original policies and the acceptance by the mortgagee of the policies with said clauses attached, we regard as evidence of an understanding by the parties that it was to constitute their complete contract.

The requirement that any suit brought against it must be within the period of one year from date of the fire, is to enable the insurer to investigate the circumstances surrounding the fire while the events are still fresh; and to protect itself against undue delays and stale claims. We fail to see any reason, in the absence of an express condition in the policy in its favor, why a mortgagee should be allowed a period of six years after the fire within which to bring suit, while the insured must do so within one year.

The policies of insurance involved expressly provide that no suit shall be brought thereupon unless *the claimant* shall show compliance with all the requirements of the policies. We are of the opinion that the word *claimant* was clearly intended to embrace any of the parties in interest to the policy whether he be designated as the insured, owner, mortgagor or mortgagee.

We conclude that plaintiff has failed to comply with the policy requirement that suit be brought on said policies within one year from the date of the fire and for that reason is barred from prosecuting this claim.

*Order*

And now, to wit, September 7, 1937, the rule to show cause why judgment should not be entered in favor of defendant for want of a sufficient reply to defendant's new matter is made absolute, and judgment is hereby directed to be entered on the record in favor of defendant, Firemen's Insurance Company of Newark, New Jersey, and against plaintiff, West Branch Bank and Trust Company.