Learned *v.* Ryder.

Judgment reversed.

---

EDWARD LEARNED, Respondent, *v.* JAMES M. RYDER, Appellant.

(GENERAL TERM, FIRST DEPARTMENT, JANUARY, 1872.)

Where the defence, in an action against a surety upon a written lease, was fraud in obtaining the defendant's signature as surety upon a two years' lease, and the defendant testified to his agreement to be surety for only one year,—*Held*, that the question, whether he would have signed as surety if he had known that he became so for two years, was properly excluded.

THIS was an appeal from a judgment upon the verdict of a jury in favor of the plaintiff. The material facts appear in the opinion.

*H. A. Nelson*, for the appellant.

*A. M. Bigelow*, for the respondent.

Present—INGRAHAM, P. J., BARNARD and CARDOZO, JJ.

Ingraham, P. J. The evidence showed that the roof of the house leaked so badly that the boarders moved from the rooms, and they had to use tubs to prevent the water from going into the second story. The surrender which the defendant relied on was, as stated in the answer, a surrender of the premises and acceptance by the plaintiff, and, by the evidence, a surrender of the keys on 30th November, 1866.

By the answer no other surrender was set up than a surrender by the tenant and acceptance by the landlord. On that issue the jury have found for the plaintiff. The defendant asked the court to charge that if there was a surrender on thirtieth November, that the lease became canceled and of no effect. This request was too broad, even if such a defence could be set up under the answer; the lease did not become canceled. It ceased only from the day of surrender. The cause of action for that quarter accrued on first November preceding, and the action was commenced on sixth November. There was, therefore, no such defence existing at the commencement of suit, or properly admissible under the answer. The refusal to charge, therefore, on that point, as requested, was not error.

The finding of the jury upon the question of acceptance by the landlord was upon contradictory evidence, and not so clearly against the weight of evidence as to justify any interference with it.

The only remaining question is as to the exclusion of the question put to defendant, whether he would have signed, as surety, if he had known that by it he became surety for two years. Upon the charge of fraud in obtaining the defendant's signature the jury have also found for the plaintiff, and the verdict on that finding, also, cannot be disturbed, unless the question excluded should have been admitted.

This question is not one of intent. There are cases where it has been held that the intent of a party may be shown. Such was the case of *Thurston* v. *Cornell* (38 N. Y., 281, 286), where a party was allowed to show what was her intent in receiving a sum of money on making a loan to be for some

other purpose than interest. The rule is there stated to be, " where the character of the transaction depends on the intent of the party, it is competent to inquire of him what his intention was."

In *Seymour* v. *Wilson* (14 N. Y., 567) it was held proper to inquire of a witness whether his intention in making an assignment was to delay or defraud his creditors.

And in *Thorn* v. *Helmer* (2 Keyes, 27) a party was asked the question whether he believed certain representations by which he alleged he was defrauded.

The question in this case is not one of intent. It was whether the witness had been defrauded. On this point all the testimony had been admitted, and it was not proper to ask the witness what he would have done under other circumstances. He did testify that he agreed to be surety only for one year. If that was believed, it disposed of the question. If it was not, it was immaterial whether he would have been surety for two years or not.

The judgment should be affirmed.