ALBERT D. HOWE, Respondent, v. MILL OWNERS MUTUAL FIRE INSURANCE COMPANY OF IOWA, Appellant.*

Fourth Department, May 9, 1934.

*Shire & Jellinek* [*Joseph Swart* and *Emanuel Boasberg, Jr.*, of counsel], for the appellant.

*Frank L. D'Arcy*, for the respondent.

LEWIS, J.   The action is by the plaintiff, a mortgagee, to recover upon a windstorm insurance policy for loss sustained July 6, 1930,

---

when a building was destroyed which was the subject of the risk. A motion by the defendant insurer to dismiss the complaint upon the ground that it fails to state facts sufficient to constitute a cause of action has been denied at Special Term. This appeal followed.

Neither the policy in suit nor the standard mortgagee clause attached thereto is set forth in full in the complaint. It is alleged, however, that the defendant executed and delivered to the plaintiff a New York standard form mortgagee clause which was attached to and formed a part of the policy of insurance in question; that by said policy " the defendant promised to make good to [the owner] and to this plaintiff as his mortgage interest might appear " the loss caused by windstorm to certain property therein described.

The statutes of New York do not prescribe a standard form of policy for windstorm insurance. However, it is conceded that the policy in question is in the form commonly used by insurance companies issuing such policies in this State.

The only provision with which we are concerned upon this appeal is: " No suit or action on this policy for the recovery of any claim, shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, *nor unless commenced within twelve months next after the windstorm, cyclone or tornado.*"

Plaintiff's complaint was not served until more than two years after the alleged loss occurred.

The defendant contends the complaint is fatally defective by reason of its failure to allege affirmatively either plaintiff's compliance with the conditions of the policy prescribing the short period of limitation of action or to plead a waiver thereof.

If the prescribed period of limitation applies to the right of the plaintiff as mortgagee to bring an action upon the policy, it became a condition precedent to his right to recover and it was incumbent upon him to plead and prove the performance of such a condition or to plead and prove a waiver thereof. (*Williams* v. *Fire Association of Philadelphia*, 119 App. Div. 573; *Town of Potsdam* v. *Ætna Casualty & Surety Co.*, 218 id. 27; *Black Co.* v. *London Guarantee & Accident Co., Ltd.*, 190 id. 218; Richards Law of Insurance [4th ed.], § 304.)

Accordingly our inquiry may be narrowed to the question: Does the clause of the policy in suit, which limits to twelve months the period within which an action may be brought thereupon, apply to the rights of the plaintiff, a mortgagee?

Under the rule prevailing in this State, when the defendant, an insurer, executed the standard mortgagee clause in favor of the plaintiff and attached it to the insurance policy in question, a new

contract with the plaintiff as mortgagee resulted which was separate and distinct from the one which the insurer already had with the owner of the premises. (*Savarese* v. *Ohio Farmers Ins. Co.*, 260 N. Y. 45, 51; *Goldstein* v. *National Liberty Ins. Co.*, 256 id. 26, 32; *McDowell* v. *St. Paul F. & M. Ins. Co.*, 207 id. 482; *Hastings* v. *Westchester Fire Ins. Co.*, 73 id. 141.)

" The obligation of an insurance company under a policy of fire insurance is limited and defined by the terms of the policy itself. It may, if it chooses, make an independent contract with the mortgagee whereby insurance payable to the mortgagee shall not be invalidated by any act or neglect of the mortgagor. It makes such contract when the standard mortgagee clause is incorporated in the policy." (*Hessian Hills Country Club* v. *Home Ins. Co.*, 262 N. Y. 189, 196.) In this connection it is important to note that the same rule differentiates between the obligations of the separate contracts. " By taking the insurance in the manner the mortgagee herein did, instead of taking out a separate policy, all the provisions in the policy, which from their nature would properly apply to the case of an insurance of the mortgagee's interest, would be regarded as forming part of the contract with him, while those provisions which antagonize or impair the force of the particular and specific provisions contained in the clause providing for the insurance of the mortgagee, must be regarded as ineffective and inapplicable to the case of the mortgagee." (*Eddy* v. *London Assurance Corp.*, 143 N. Y. 311, 324.)

In the instant case we find no inconsistency between the provisions of the mortgagee clause before us and the clause in the insurance policy which limits to twelve months the time within which any action upon the policy must be commenced. There is no provision in the one which can be reasonably construed to " antagonize or impair the force of " the other. The time limitation clause in question was a reasonable provision to be drafted into the policy by the insurer for its own protection. It entered into the substance of the contract which plaintiff is seeking to enforce and may properly be held to bind him as mortgagee to whom the insurer has obligated itself, under certain conditions, by the mortgagee clause. (Cf. *American Building & Loan Assn.* v. *Farmers Ins. Co.*, 11 Wash. 619; Richards Law of Insurance [4th ed.], § 304.)

It has been stated: " The parties to a contract of insurance may provide for a shorter limitation of actions than that provided in the general Statute of Limitations." (*Brandyce* v. *Globe & Rutgers Fire Ins. Co.*, 252 N. Y. 69, 71.) So in this case both the owner and the plaintiff as mortgagee, by becoming parties to their respective

contracts of insurance with the defendant, have agreed to the time limitation clause affecting suits upon the policy.

The provision is clear and unambiguous that " No suit or action on this policy for the recovery of *any* claim, shall be sustainable in any court of law or equity unless  *  *  *  commenced within twelve months next after the windstorm." It is broad in scope and so far as the rights of the plaintiff mortgagee are concerned, it is not contingent upon nor does it relate itself to any personal default or omission by the owner. It gave the plaintiff as mortgagee the right to commence action for his own benefit within twelve months after the loss occurred. The defendant thereby held itself open to liability if plaintiff commenced action within the prescribed time to establish it. This contract of insurance being a voluntary one, the defendant-insurer had the right to fix the terms upon which it would become liable for a loss. To so limit its liability to action from any source was reasonable. " Defendant is only liable by reason of its promise, and this promise cannot be enlarged by the court so as to fasten a liability on the defendant, which the latter did not undertake." (*Hanna* v. *Commercial Travelers Mutual Accident Assn.*, 204 App. Div. 258, 259; affd., 236 N. Y. 571.)

There is force to defendant's argument which finds its basis in a change in the standard form of fire insurance policy which is claimed to have followed a suggestion by the Court of Appeals in a memorandum of decision filed in *Heilbrunn* v. *German Alliance Ins. Co.* (202 N. Y. 610, 611). However, in view of the fact that the contract of insurance involved in the record before us is not a standard form of policy prescribed by statute, we prefer to rest our decision upon the reasons stated.

We, therefore, rule that the limitation of twelve months after the alleged loss as the period within which any action could be commenced upon the policy of insurance issued by defendant, was binding upon the plaintiff mortgagee; it was a condition precedent to his recovery which required him to allege affirmatively a compliance with its terms or to plead a waiver thereof.

That part of the order from which appeal is taken should be reversed on the law, with ten dollars costs and disbursements, and defendant's motion to dismiss the complaint herein granted, with ten dollars costs.

All concur.

Order so far as appealed from reversed on the law, with ten dollars costs and disbursements, and motion to dismiss the complaint granted, with ten dollars costs.