## United States Fidelity and Guaranty Co.
### v.
## James Gable and Wanda Gable

[220 A.2d 165]

February Term, 1966

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed May 10, 1966

*Ryan, Smith & Carbine* for plaintiff.

*Davis, Martin & Free* for defendants.

**Smith, J.** Plaintiff insurance company brought a declaratory judgment action in the Washington County Court of Chancery seeking a declaration of non-liability on the part of the company under the terms of a policy issued to the defendants, the terms and conditions of which, says the company, were not complied with by the defendant.

Hearing was had on the petition on November 1, 1965; findings of fact were made and an order made for judgment for the defendants. Appeal has been taken here from the judgment order, as well as to certain of the findings of fact.

It is apparent that this petition was instituted after the entry of a suit for damages brought by a Mrs. Johnson against the defendants Gable in the United States District Court for the District of Vermont, with service being made on the defendants on February 5, 1965. The contention of the plaintiff company is that the Gables did not give it the notice required under the terms of their insurance policy of the incident that brought about the lawsuit.

The policy of insurance here involved was not received in evidence in the lower court, and is not before us now.

The condition of the policy with which the plaintiff says the Gables did not comply, and which is the only section of the policy in evidence here, is as follows:

"When an occurrence takes place, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable."

In May of 1962, the Gables were owners of a one-family house in Barre, Vermont, which they had leased to Mr. and Mrs. Johnson. Mrs. Gable received a phone call on May 30th from Mrs. Johnson. Mrs. Johnson said that she had fallen down an unspecified stairs in the house and had hurt her back, but had not received medical attention. She inquired if the Gables had insurance coverage.

Mrs. Gable responded by saying that she had no personal knowledge of insurance coverage, but would have to ask her husband relative to this inquiry. Mrs. Gable informed her husband of the call from Mrs. Johnson.

Mrs. Johnson never contacted the Gables on any aspect of the claimed fall and injury again, nor did she ever seek a further answer on the insurance coverage carried by the Gables. The bringing of the lawsuit in the Federal Court nearly three years later was the only other notification of the incident received by the Gables.

For a period of time after the phone call, and until Mrs. Johnson left the leased premises, Mrs. Gable saw Mrs. Johnson on several occasions and inquired as to her health. Each time Mrs. Johnson replied that she was fine. On one of these occasions, Mrs. Johnson was shoveling snow from a driveway.

It is not disputed that the Gables never notified the plaintiff insurance company of the call from Mrs. Johnson, and that the first notification had by the company of the incident was at the time that suit was filed in Federal Court.

The defense of the Gables is that as prudent and reasonable persons they believed that at the most the injuries to Mrs. Johnson were of a trivial nature for which she did not intend to make any claim of any kind against the defendants.

The controlling issue presented to the Chancellor for determination was whether the report of the incident made by Mrs. Johnson in the telephone call to Mrs. Gable was such an occurrence to require the insured to report the event at once to the insurance carrier. Possibly, the insurance policy issued by the plaintiff may contain a definition

of the word "occurrence" as used in the only clause of the policy in evidence here, but such policy is not here.

In the absence of such policy, we construe "occurrence," under the coverage of the policy, to mean an incident which could subject the defendants to legal liability to pay damages for bodily injury. The duty of the defendants was to report such incidents to the plaintiff company, as soon as practicable. *Farm Bureau Mutual Automobile (Nationwide) Insurance Co.* v. *Greist*, 251 F. 2d 85, 86.

Notice is an essential requirement in order to fix liability on an insurance carrier where there has been such an occurrence or accident as will lead the ordinary prudent and reasonable man to believe that it might give rise to a claim for damages. *Nye* v. *Louis Ostrov Shoe Company*, 43 N. E. 103, 106.

However, there may be circumstances that will explain or excuse a delay in giving the notice required by a policy of insurance, and show it to be reasonably prompt. The question of whether the delay is explained or excused is one for the trier to decide, and the burden of proof is upon the party upon whom the duty of giving of the notice devolved. *Houran, Admr.* v. *Preferred Ins. Co. of N. Y.*, 109 Vt. 258, 266, 195 Atl. 253.

This is because the requirement that notice of the occurrence of an accident be given refers only to accidents which cause a loss covered by the policy. Delay in notice is generally held excusable in the case of an accident which is trivial and results in no apparent harm, or which furnished no ground for an insured, acting as a reasonable and prudent man, to believe at that time that a claim for damage will arise. 29 Am. Jur. §1394; 18 A.L.R. 2d 472.

"The question of the reasonableness of the insured's determination as to whether the controverted event constituted a trivial occurrence or an accident within the meaning of the terms of the insurance policy must be resolved on the basis of the facts as they existed at the time of the accident and not in the light of hindsight. There was either a compliance with the policy provisions at that time, or there was not, and compliance or non-compliance cannot be established by subsequent events." *Bennett* v. *Swift & Co. et al*, 170 Ohio St. 168, 163 N.E. 2d 362, 367.

This was a question of fact to be determined by the chancellor who was the trier of fact. Possibly, the chancellor may have believed that he had determined the question by Finding 12: "There was no evi-

dence that the reporting of the occurrence under the circumstances when it was reported was not 'as soon as practicable'."

But this is, at best, only a finding that the plaintiff had presented no evidence that the reporting of the incident was not as soon as practicable. There was no burden on the plaintiff to offer such evidence. The burden of proof was on the defendants here to introduce evidence that the delay in reporting the incident of the telephone conversation to the company at the time it was made was excusable under the then existing circumstances. It was for the chancellor to determine whether or not the evidence of the defendants made the admitted delay in the reporting of the incident in question excusable and this finding was not made. Without such finding, the judgment is without adequate support.

For the reason that a finding one way or another on this essential fact is important to a final determination of the issue presented, the cause must be remanded for a rehearing. This result makes unnecessary our consideration of the various exceptions to findings of fact, and failure to find, briefed by the plaintiff, with one exception.

The insurer challenged the chancellor's finding that there was no prejudice to the insurer because there was no notice to it of the occurrence involved. Its position is based upon *Houran Admr*. v. *Preferred Accident Ins. of N. Y.*, 109 Vt. 258, 272, 195 Atl. 253, in which the statement is made that notice is presumed to be a condition precedent, in the absence of qualifying provisions in the policy, irrespective of prejudice. This, in the insurer's view makes the finding immaterial.

Without the policy in evidence, this Court is unable to determine whether or not the rule of the *Houran* case applies at all. We are not satisfied that prejudice is necessarily immaterial, and are unable to determine the issue from the evidence presented or the facts found.

A re-hearing may require further development of this issue.

The entry in this case is *"Reversed and remanded for a new hearing on all issues."*

Shangraw, J. (Concurring.) I am in agreement with my associates that there must be a reversal. For reasons expressed herein, I am not in accord with their views that the case should be remanded for additional evidence and findings.

The accident in question occurred in May, 1962. Suit was brought by Mrs. Johnson, in the United States Court on February 5, 1965.

Plaintiff, Insurer, received no notice of the accident within the above period.

In the case of *Houran, Admr.* v. *Preferred Acc. Ins. Co. of N. Y.,* 109 Vt. 258, 272, 195 A.253, 259, this Court made the following observation: "The rule established by the weight of authority is that where, by the terms of the insurance contract, a specified notice of accident, given by or on behalf of the insured to the insurer, is made a condition precedent to liability on the part of the latter, the failure to do so will release the insurer from the obligations imposed by the contract, although no prejudice may have resulted." See *Springfield Freeze Locker* v. *Wiggins,* 115 Vt. 445, 449, 450, 63 A.2d 182; *Brown* v. *Maryland Casualty Co.,* 111 Vt. 30, 32, 11 A.2d 222. To constitute the giving of notice a condition precedent a specific forfeiture clause is unnecessary. *Houran, Admr.* v. *Preferred Acc. Ins. Co., of N. Y.,* supra, page 273. See, Annotation, 18 A. L. R. 2d, page 454, and cases cited.

In *Nelson* v. *Travelers Ins. Co.,* 113 Vt. 86, 98, 30 A.2d 75, it was held that ". . . the requirement of written notice is of the essence of the insurance contract and failure to comply with it, unless waived by the company or otherwise set for naught, voids any liability of the company under the policy."

By the acceptance of the policy, the defendants agreed that following an "occurrence" written notice was to be given the insurance carrier, or any of its authorized agents "as soon as practicable." This is not an unreasonable requirement. Here, the "occurrence" relates to the event upon which the defendants' liability is alleged to exist — that is, the accident that befell Mrs. Johnson.

The object of the clause requiring the insured to give written notice of any accident is to place the insurer in the position of making its preliminary investigation, and defending the action in face of evident disadvantages that the notice manifestly was intended to prevent. *Brown Materials Co.* v. *Pacific Auto Ins. Co.,* 52 Cal. App. 2d 760, 127, P.2d 51. An investigation made long after an accident has occurred, as everyone knows, is done with great difficulty, and oftentimes with little promise of success

In *Boyer* v. *American Casualty Co.* (1964) 332 Fed. 2d 708, 710, the Court held that under Vermont law notice given by an assured more than two years after an accident was untimely and breached the policy condition requiring notice of the occurrence as soon as practicable. In the opinion the Court made the following pertinent statement:

"The insurer has contracted to defend against groundless suits and is entitled to notice of a claim, be it good or bad. If the insured takes the position that it need not notify the insurer because the suit is so obviously frivolous in spite of notice provision, he takes the risk of having to defend it himself unless the insurer waives the notice provision."

The fact that the defendants may have had a reasonable and bona fide doubt as to the existence of any injury, or of any liability, cannot be used to deprive the insurer of its contractual right to have a written notice by the defendant as soon as practicable — which means within a reasonable time under all the circumstances. *Malloy* v. *Head,* 90 N. H. 58, 4 Atl. 2d 875, 879. What the defendants' belief may have been is not the test of their duty to report; it is the existence of the known fact of an accident which involved them. Of this, defendants had knowledge and failed to comply with the conditions of the contract of which they were a party. If the defendants knew facts which might have induced a belief on non-liability, it was their duty to disclose them to the insurer. If the insurer then makes an error of judgment, it is the fault of the insurer and not of the assured.

In an action for a declaratory judgment to determine liability under an insurance policy, the burden of proof rests where it would have rested if the insured had brought an action on the policy. *American Fidelity Co.* v. *Hotel Poultney,* 118 Vt. 136, 138, 140, 102 A.2d 322. The burden of proof was cast upon the defendants to demonstrate a compliance with the policy provision requiring them to give notice to the insurer of the occurrence "as soon as practicable." Due diligence has not been shown.

Following a recitation of the facts to the effect that no notice was given, by finding No. 12, the Chancellor concluded: "There was no evidence that the reporting of the occurrence under the circumstances when it was reported was not "as soon as practicable." This is equivalent to a positive finding that a report of the accident was made "as soon as practicable." The facts refute this conclusion. The absence of notice is not disputed. It is my view that the judgment order is lacking in sound, factual and legal support.

I would reverse and remand for the entry of an appropriate judgment order in favor of the plaintiff.