**United States Fidelity and Guaranty Company**

**v.**

**Maurice Giroux, Individually, and Maurice Giroux, d/b/a Giroux Septic Tank Service, Albert C. Francis, Roland J. Deslaurier, Individually, and Roland J. Deslaurier, d/b/a Cuploa Texaco Station**

[274 A.2d 487]

No. 91-70

Present: Holden, C.J., Barney, Smith and Keyser, JJ., and Hill, Supr. J.

Opinion Filed February 2, 1971

*Ryan, Smith & Carbine,* Rutland, for Plaintiff.

*Samuelson, Bloomberg & Portnow,* Burlington, for Maurice Giroux.

*Langrock & Sperry,* Middlebury, for Albert C. Francis.

**Keyser, J.** This is a petition for a declaratory judgment brought in equity by the plaintiff to determine whether it was relieved from any obligation under its comprehensive general liability insurance contract with its insured, defendant Giroux. The sole point of contention centers on the lack of notice to the plaintiff by defendant Giroux of an occurrence, or accident, as provided by the terms of the contract.

The chancellor, after hearing, made findings of fact and entered a decree in favor of the plaintiff declaring non-liability under the terms of the policy of insurance. Defendants Giroux and Francis appealed from the judgment order.

The appellants claim that the facts and circumstances show that Giroux gave notice to the plaintiff "as soon as practicable" and any delay in such notice was reasonable and excusable. The plaintiff asserts that since notice was not given of the occurrence in accordance with the terms of the policy, it is relieved of all obligations to its insured resulting from the occurrence in question. Defendant Giroux's exceptions are to the failure to find as requested and to the decree.

The thrust of these exceptions raises the sole issue of whether the delay in giving a notice was reasonable and excusable. Defendant Francis' exceptions are to the same effect.

The undisputed basic facts appear as follows from the findings of fact.

Defendant Giroux was engaged in the business of installing, servicing and dealing in septic tanks. On April 14, 1967, defendant Deslaurier employed Giroux to do certain excavating with a backhoe as required by him, Deslaurier, in order to make a connection to the town water main for service to his Texaco filling station. The price was fixed at $10.00 per hour for the backhoe and operator.

Giroux's son, Robert, worked for his father as manager and foreman. On April 14, 1967, he was the operator of the backhoe and excavated a hole six feet deep and four feet wide as required by Deslaurier. Defendant Francis was to make the water connection. After the excavation was completed defendants Deslaurier and Francis appeared. Francis told Robert Giroux that the excavation was satisfactory for his requirements and purposes and then descended into the excavation to do the work.

Francis was not the employee of Giroux but was employed by Deslaurier to do the work for him. He was then a regular employee of the South Burlington Water Department and experienced in the works, functions and requirements of such department. About ten minutes after entering into the excavated hole a cave-in occurred causing some earth to fall on Francis. He was dug out, complained of a leg injury and at his request was taken home. The next day he went to a hospital. Robert told his father what had happened. Also, Francis told defendant Giroux that he had sustained an injury and was paid Workmen's Compensation by defendant Deslaurier's insurance carrier.

On September 17, 1968, defendant Francis brought suit against defendant Deslaurier in Chittenden County Court to recover damages for his injuries. On February 7, 1969, defendant Giroux was joined as a party defendant in that suit by service of a court order on him issued by the county court by which Francis claimed damages because of the injuries he sustained on April 14, 1967. Notice of this suit is shown by the evidence to have been given to plaintiff's agent on Feb-

ruary 12, 1969. This was the first notice of the "occurrence" given to the plaintiff.

Francis did not inform defendant Giroux or his son, Robert, at any time, that he was to make a claim against him for damages or that he considered Giroux legally responsible for any injury he may have sustained on April 14, 1967.

The court also found:

> "(22) Neither Defendant Giroux nor his son Robert knew nor had any reason to believe that any injury Defendant Francis claims to have suffered on April 14, 1967, was sustained under circumstances that would cause Defendant Francis to make claim or institute suit against him, the said Defendant Giroux, demanding damages for said injury."

> "(25) No claim of any kind, direct or indirect, was made by Defendant Francis to or against Defendant Giroux prior to the service of the writ, complaint and summons upon him February 8, 1969 on behalf of Defendant Francis. Defendant Giroux did not have any reason to believe, prior to the service of the writ on him, that Defendant Francis could or would make a claim against him for any injury he may have sustained on April 14, 1967."

> "(31) The Court is unable to find a provision of the contract, and none has been pointed out to us, that would excuse or relieve the Defendant Giroux, even though "acting reasonably", from furnishing the Plaintiff a notice, required by paragraph 4(a) of the policy, Plaintiff's Exhibit one, of the occurrence in question."

That part of Paragraph 4 recited in the conditions of the policy material here reads:

> "4. INSURED'S DUTIES IN THE EVENT OF OCCURRENCE, CLAIM OR SUIT
> (a) In the event of an OCCURRENCE, written notice containing particulars sufficient to identify the INSURED and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the INSURED to the

Company or any of its authorized agents as soon as practicable. . . .

(b) If claim is made or suit is brought against the INSURED, the INSURED shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative."

■ The insurance contract does not contain a definition of the word "occurrence" as used in Paragraph 4, *supra*. In this situation we adopt the definition in *U.S. Fidelity & Guaranty Co.* v. *Gable,* 125 Vt. 519, 220 A.2d 165 (1966), where we construed "occurrence", under the coverage of the policy, "to mean an incident which could subject the defendants to legal liability to pay damages for bodily injury." 125 Vt. at 522.

■ Paragraph 4 requires notice of an occurrence "as soon as practicable." This phrase has uniformly been construed to mean notice with reasonable dispatch, in view of all the circumstances of each particular case. Annot., 18 A.L.R.2d 443, 448 (1951). The weight of authority holds that circumstances may exist which will explain or excuse a delay in giving notice. 44 Am.Jur.2d *Insurance* § 1475; *U.S. Fidelity & Guaranty Co.* v. *Cable, supra; Houran, Admr.* v. *Preferred Ins. Co. of N.Y.,* 109 Vt. 258, 266, 195 A. 253 (1938) ; *Farm Bureau Mut. Automobile Ins. Co.* v. *Manson,* 94 N.H. 389, 54 A.2d 580, 583–84 (1947).

In the *U.S. Fidelity & Guaranty Co.* case, *supra,* we further held at 125 Vt. at 522, that "(t)here may be circumstances that will explain or excuse a delay in giving the notice required by a policy of insurance, and show it to be reasonably prompt."

■ ■ The question of whether the delay is explained or excused is one for the trier to decide and the burden of proof is upon the party who had the duty of giving notice. Delay in notice is generally held excusable in the case of an accident which is trivial and results in no apparent harm, or which furnished no ground for an insured, acting as a reasonable and prudent man, to believe at that time that a claim for damage will arise. *Id.,* at 522, citing 29 Am. Jur. *Insurance* § 1394 (now 44 Am.Jur.2d *Insurance* § 1475) ; Annot., 18

A.L.R.2d 443, 472 (1951) ; *Farm Bureau Mut. Automobile Ins. Co.* v. *Manson, supra.*

 Whether or not the event furnished an excuse for defendant Giroux, acting reasonably, from giving notice of it to the plaintiff must be resolved on the basis of the facts as they existed at the time of the incident and cannot be established by subsequent events. *Bennett* v. *Swift & Co.*, 170 Ohio St. 168, 163 N.E.2d 362, 367 (1959).

The exception to the decree raises the question of whether the judgment order is supported by the facts found. *Miller* v. *Miller*, 124 Vt. 76, 78, 197 A.2d 488 (1963).

It is apparent from the findings that the chancellor fixed plaintiff's non-liability upon the fact that he could not find a provision in the insurance policy that would excuse or relieve Giroux from giving a notice of the occurrence to his insured. This conclusion, of necessity, excludes the consideration of an excusable delay having as its legal basis the other facts and circumstances established on that issue. It is plain that the decree is not the correct legal result on those other facts.

Other findings show that Deslaurier owned the property where the excavation was to be made; that he engaged Giroux to use his backhoe to dig a hole to specified dimensions; that he hired Francis, an experienced employee of the South Burlington Water Department, to make the connection for water service to his filling station; and that Francis went into the excavation after expressing satisfaction with the excavation.

In addition, by Finding 22 quoted *supra,* the court found that Giroux neither knew nor had any reason to believe that any injury suffered by Francis was sustained under circumstances that would cause Francis to make claim or bring suit for damages against him. And by Finding 25 the court found no claim, direct or indirect, was made by Francis to Giroux and that Giroux did not have any reason to believe (prior to suit) that Francis could or would make a claim against him for his injury.

Furthermore, the court in Finding 31 in stating it could not find a provision in the contract which would excuse a notice of the occurrence by Giroux, "even though 'acting reasonably'."

This can only be construed as a positive finding that Giroux did act reasonably in delaying to give a notice to his insured of the occurrence.

The facts in this case are unique to a case involving a delay in giving notice of an occurrence in that here the defendant was not involved in an accident in the usual sense. Giroux completed the excavation he was employed to do and was apparently standing by to backfill the excavation when the water connection was completed. There was no contact with Francis and no relationship between him and Giroux as to the work each was hired to do. Also there is no evidence or finding which shows that Giroux did anything to cause Francis' injury. In this situation Giroux had only an inactive and nonparticipating connection with what occurred.

It is implicit from the findings that Giroux had a valid excuse for delay in giving notice as no loss or liability appeared imminent to Giroux until about twenty-two months after the event when he was made a party to the action brought by Francis against Deslaurier. There was ample support in the evidence and findings to show the existence of a reasonable belief by Giroux that the occurrence did not involve him or the plaintiff.

Accordingly, we are clearly of the opinion that the findings do not support the decree but, on the contrary, they do support the conclusion that defendant Giroux, acting as a reasonable man under the circumstances, was fully justified in delaying the giving of a notice to the plaintiff of the incident of April 14, 1967, and is entitled to the protection afforded under his policy of insurance.

*Decree reversed and cause remanded. Let a new decree be drawn and entered in accordance with the views expressed herein.*