## Stonewall Insurance Company v. Craig A. Moorby and Stanley J. Van Wormer

[298 A.2d 826]

No. 104-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed December 5, 1972

*Wick, Dinse & Allen,* Burlington, for Plaintiff.

*McNamara, Fitzpatrick, Sylvester, Farrell & Maley,* Burlington, for Defendant.

**Keyser, J.** The plaintiff, Stonewall Insurance Company, an Alabama corporation, through its broker, the Southernmost Insurance Agency in Key West, Florida, issued an automobile liability insurance policy on November 15, 1968, to defendant Craig A. Moorby.

On March 2, 1969, Moorby, while operating the insured vehicle, was involved in a single car accident in Burlington, Vermont. As a result of the accident his passenger, defendant Van Wormer, was injured. He brought suit against Moorby on June 27, 1969, to recover damages for his injuries.

This action for a declaratory judgment was thereafter instituted by plaintiff for a determination of its liability to defend, or to pay any judgment against, its policyholder arising out of said suit brought by Van Wormer.

Hearing was before the chancellor who, based on his findings of fact, entered a decree declaring that the plaintiff was obligated under its policy to defend Moorby in the suit brought by Van Wormer and to pay any damages adjudged therein. The plaintiff claims the judgment was error and appealed to this Court.

The critical issue revolves around a delay of notice by Moorby to the plaintiff of his accident, the question being whether the notice was given "as soon as practicable" as provided by the terms of the policy.

The coverage of the insurance contract is in part as follows:

> "Coverage A. Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile."

The conditions of said policy provide:

> "7. When an accident occurs, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information

respecting the time, place and circumstances of the accident, the names and addresses of the injured and all available witnesses."

The following facts appear from the record. At the time plaintiff's insurance policy was issued to defendant Moorby, he was in the armed services stationed in Key West, Florida. He was discharged therefrom on February 21, 1969, left Florida, and returned to Burlington, Vermont. His last premium payment was made to the Southernmost Agency by mail from Burlington and showed that his return address was in Burlington. Before returning to Vermont, Moorby left a change of address card at his post office in Florida.

About one week after his accident on March 2, 1969, Moorby wrote to plaintiff's home office in Birmingham, Alabama, and requested the company to send him some accident reporting forms. He never received a reply to his letter.

On or before June 26, 1969, plaintiff's agent, Southernmost, received notice from the Medical Center Hospital of Vermont of a hospital lien and of defendant Moorby's accident on March 2, 1969. The agency forwarded the lien and notice directly to plaintiff who received it on June 30, 1969. Both plaintiff and Southernmost then wrote Moorby at a Key West, Florida, address enclosing an accident form requesting that it be completed by him and returned. The letter sent by the plaintiff was returned unclaimed.

However, Moorby did receive an accident reporting form sent to him by the Southernmost Agency. Within three days after he received the form, defendant Moorby filled it out and mailed it back to Southernmost. The plaintiff received it from its agency on July 22, 1969.

Subsequently, on August 4, 1969, the plaintiff obtained through its Burlington attorney, a copy of the investigation report of defendant Moorby's accident prepared by the Burlington Police Department.

Van Wormer brought suit against Moorby on June 27, 1969. Moorby delivered the writ to his attorney who in turn sent it on July 8, 1969, to the plaintiff who received it on July 11, 1969.

Also in July 1969, the plaintiff retained the services of both Plantation Adjusters, Inc., of East Providence, Rhode Island, and Fisher Adjustment Service of Burlington, Vermont, to investigate the accident, interview its insured, and take a detailed statement from him. The plaintiff received a written report from Fisher on August 13 concerning the accident together with a four-page statement which had been given to it by defendant Moorby on August 11. At that time he also signed a non-waiver agreement with the plaintiff at Fisher's request. Fisher Adjustment Service told Moorby there was some question about the late notice of the accident but did not advise him of any intention of the plaintiff to deny coverage.

On September 24, 1969, the plaintiff wrote its insured that a declaratory judgment action had been brought against him to determine the question of coverage for his accident. The letter stated that the action was filed "due to the fact that you have failed to cooperate and keep us properly informed of the accident as requested and set out in the policy." This letter of September 24 was dated some 89 days after the date of Van Wormer's writ, 83 days after the entry of the writ in Chittenden County Court, and 75 days after plaintiff received Moorby's copy of the writ. The court below found that "After Plaintiff received notice, Defendant Moorby cooperated in every material way."

■ The rule of this jurisdiction that policies of insurance are to be construed against the insurer in favor of the insured is found in *Valente, Gdn.* v. *Comm. Ins. Co.*, 126 Vt. 455, 459, 236 A.2d 241 (1967), where this Court held:

"It is a fundamental rule that a policy of insurance must be construed liberally in respect to the person insured and strictly with respect to the insurer."

■ In 44 Am.Jur.2d *Insurance* § 1482, the sufficiency of compliance with the requirement of giving notice of an accident is stated in general as follows:

"Generally speaking, provisions for the giving of notice of loss or the furnishing of proofs of loss to an

insurer will be liberally construed in favor of the insured, and a substantial compliance therewith, as distinguished from a strict compliance, will suffice."

See also 45 C.J.S. *Insurance* § 982(1)(b).

■ The purpose of a provision for notice is to allow the insurer to form an intelligent estimate of its rights and liabilities, to afford it an opportunity for investigation, and to prevent fraud and imposition upon it. 44 Am.Jur.2d *Insurance* § 1455; 45 C.J.S. *Insurance* § 1047.

■■ There is no definition in the insurance contract of the phrase "as soon as practicable" which leaves it subject to be construed by the court. It is an elastic phrase, not a hard and fast condition. The interpretation of this clause arose in *United States F. & G. Co.* v. *Giroux,* 129 Vt. 155, 159, 274 A.2d 487 (1971), where we said:

"This phrase (as soon as practicable) has uniformly been construed to mean notice with reasonable dispatch, in view of all the circumstances of each particular case. Anno., 18 A.L.R.2d 443, 448 (1951). The weight of authority holds that circumstances may exist which will explain or excuse a delay in giving notice. (Cases cited)."

Previous to the *Giroux* case we held in *U.S. Fidelity & Guaranty Co.* v. *Gable,* 125 Vt. 519, 522, 220 A.2d 165 (1966), that "[t]here may be circumstances that will explain or excuse a delay in giving the notice required by a policy of insurance, and show it to be reasonably prompt."

■ And, whether a notice has been given as soon as practicable "is ordinarily a question of fact for the trier to decide upon the evidence bearing upon the case." *United States F. & G. Co.* v. *Giroux, supra,* 129 Vt. at 159; *Houran, Admr.* v. *Preferred Acc. Ins. Co. of N.Y.,* 109 Vt. 258, 266, 195 A. 253 (1938).

In Finding 21 the court said, "Plaintiff has in no way been prejudiced or harmed by any delay in the notice of the March 2, 1969, accident." The appellant submits that this

finding is not in accord with clear Vermont law established by our cases.

The petition for a declaratory judgment did not allege prejudice to the plaintiff because of a delay in receiving notice of the accident. The only allegation was that "Moorby did not notify the plaintiff as required by the terms of the policy as aforesaid of the accident or the injuries to said Van Wormer." And during the trial below plaintiff's attorney confirmed this position by his statement to the court.

██ Delay in giving the notice and prejudice resulting therefrom are separate and distinct questions. *Houran, Admr.* v. *Preferred Acc. Ins. Co. of N.Y.*, *supra*, 109 Vt. at 266. In the context of the case at bar, prejudice is not one of the issues. Neither is it claimed to be. Because prejudice does not pertain to an essential element of the case before us, the finding of the court, quoted *supra*, concerning it, has no materiality on the judgment. We do not consider immaterial findings. *In re Hathorn's Transportation Co., Inc.*, 121 Vt. 349, 356, 158 A.2d 464 (1960).

█ The remaining findings of fact stand unchallenged by the appellant and thus are conclusive. In this situation the case is controlled by the facts found. *Hoosier Eng.* v. *Commissioner of Taxes*, 124 Vt. 341, 345, 205 A.2d 821 (1964). This leaves for our determination the question of whether the judgment is sustained by those findings.

It would appear from appellant's argument that it claims the length of time after the date of the accident before receipt of the accident report from Moorby was unreasonable and operates to void its obligations under the policy. But each particular case is to be viewed from a consideration of all the facts and circumstances surrounding the timeliness of the accident report to the insurer. *United States F. & G. Co.* v. *Giroux*, *supra*. And so it is here in this case.

█ Within one week after his accident Moorby wrote the plaintiff at its home office in Alabama requesting the accident report forms but received no reply to his letter. In June Southernmost received notice of the accident and claim of a hospital lien from the Medical Center Hospital in Bur-

lington, Vermont. Thereafter, both plaintiff and its agent, Southernmost, wrote to Moorby enclosing an accident form requesting that he complete and return it. No claim of a late notice was made in the letter although it then knew the date of the accident. When Moorby did receive the blank from Southernmost, he filled it out and returned it within three days after its receipt. The plaintiff accepted the report without question and went forward with its investigation of the accident. It engaged Burlington counsel and adjustment services to investigate the accident, interview its insured, and take a detailed statement from him. The investigation was an apparent success as the plaintiff received a written report from its Burlington adjustment agency on August 13.

Moorby cooperated in every way. He gave a detailed statement of four pages to the investigating agency and at the company's request signed a non-waiver agreement. Moorby did more than the policy required of him.

The evidence and findings show that the plaintiff was not hampered in any way, or did not have ample opportunity, to completely investigate the accident because of any delay in receiving notice. The reason for as well as the purpose of the notice provision in the policy was satisfied. It was not until the plaintiff wrote Moorby on September 24 that it was instituting this action that it advised him for the first time that the company claimed non-liability. This was practically three months after Van Wormer brought suit against Moorby. The inference from these facts indicate that the plaintiff is using the clause not to obtain early information of the accident but to disaffirm liability.

Considering all the circumstances in this case, as the trial court did, we are convinced that comparatively speaking any delay in giving the notice was sufficiently explained and was not given an unreasonable time after the accident. The record shows a valid excuse for a delayed notice. The trial court was satisfied by the evidence with the excuse as it found "that Defendant Moorby gave written notice of the accident to Plaintiff as soon as practicable within the meaning of the policy issued by Plaintiff to Defendant Moorby." The finding of this fact was for the trial court and is sustained by the other material facts found.

The appellant argues that the court made no finding as to whether the delay of notice was excusable. They argued also that there was not a shread of evidence on this point. The testimony and findings in our view establish otherwise. There can be no other fair inference from the court's finding, *supra*, but that any delay in giving notice was excusable. This exception is not sustained.

We find no error. The declaratory decree is *affirmed*.