## Paul Dumont v. Bernard R. Knapp and Vermont Mutual Fire Insurance Company

[306 A.2d 105]

No. 183-71

Present: Shangraw, C.J., Barney, Smith and Keyser, JJ. and Hill, C. Supr. J.

Opinion Filed June 5, 1973

*Ryan & Ryan,* Montpelier, for Plaintiff.

*Downs, Rachlin & Martin,* St. Johnsbury, for Defendant.

**Smith, J.** This is a petition for a declaratory judgment brought by the plaintiff to determine whether his insurance carrier, Vermont Mutual Fire Insurance Company, is under obligation to defend a suit brought against the plaintiff by Bernard R. Knapp, as well as to pay any damages that might be awarded as the result of such suit. The sole question here, as it was in *United States Fidelity & Guaranty Co.* v. *Giroux,* 129 Vt. 155, 274 A.2d 487 (1971), is centered upon the notice, or lack of notice, by the plaintiff to the defendant company of an occurrence, as provided by the terms of the contract.

In the equity proceedings below, the chancellor, after hearing, made findings of fact and entered a decree in favor of the plaintiff, ordering the defendant company to provide a defense for the plaintiff Dumont in the civil action pending against him, brought by Bernard R. Knapp in the Lamoille County Court, and to pay any compensatory damages which might be rendered against Dumont in that suit. The defendant insurance company has appealed from the judgment order.

The chancellor found that the defendant company issued a homeowner's policy to the plaintiff and his wife which was in force and effect until August 20, 1969. One clause in the policy issued to the plaintiff reads:

> "When an occurrence takes place, written notice shall be given by or on behalf of the insured to this company, or any of its authorized agents as soon as practicable.

Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the occurrence, the names and addresses of the injured and of available witnesses." Finding No. 3.

Also contained in the policy is another condition reading:

"If claim is made or suit is brought against the insured, the insured shall immediately forward to this company every demand, notice, summons or other process received by him or his representative."

We turn now to the factual situation as set forth in the findings of fact made below. The plaintiff's property is situated in Moscow, Vermont. On January 7, 1969, Bernard Knapp called on the plaintiff while in a very angry and disturbed state of mind. Mr. Knapp was the operator of a snowmobile, and while following a snowmobile trail across the property of the plaintiff, found his progress impeded by a piece of wire which the plaintiff had placed across such snowmobile trail.

Mr. Knapp had a piece of wire which was similar to the aluminum wire the plaintiff had admittedly placed across his property. The angry Knapp threatened the plaintiff with bodily harm and with possible suit if the plaintiff continued to block the snowmobile trail in the future. However, on January 7, 1969, Mr. Knapp did not complain that he had been injured in any way.

Within three days after January 7, 1969, one Jim Jackson called the plaintiff, complimented him on his placement of the wire on his property and stated that Mr. Knapp was in the hospital because of injuries received on January 7, 1969. This call was unsolicited by the plaintiff and he made no inquiry to find out if Mr. Knapp was actually in the hospital. About a month after the date of January 7, 1969, the plaintiff was informed by another person that such person had been told by Knapp that Knapp was contemplating suit against this plaintiff. On or about May 14, 1969, the plaintiff was served with the writ in the law action brought against him by Knapp. This he promptly forwarded to the Stowe Insurance Agency which had issued the policy.

After the service of the writ, the defendant insurance company made some investigation of the matter, including interviewing of the plaintiff, and the plaintiff turned over to the company certain notes or a diary which he had kept. There is no dispute that plaintiff did not give any oral or written notice to the defendant insurance company of any sort whatsoever, prior to the service of the writ on him on May 14, 1969.

No question is raised but that the plaintiff did comply with the provisions of the homeowner's policy issued to him by the defendant company, which provided that he immediately forward to the company the writ received by him in the suit brought against him by Knapp. The question, as before stated, is whether or not such an "occurrence" took place on January 7, 1969, which required the plaintiff to make a report to the company, as soon as practical.

The findings of the lower court on this subject are found in numbers 15, 16, 18 and 19 of the findings of fact made by the lower court:

> "15. The information conveyed to Mr. Dumont on or about February 7, 1971, [*sic*] to the effect that Mr. Knapp had spoken of bringing suit against him was not conveyed to him by any agent or attorney for Mr. Knapp. There is no evidence before me that Jim Jackson was an agent or attorney of Mr. Knapp.
>
> 16. From the evidence presented I do not find that Paul Dumont knew, or acting reasonably ought to have known, that Bernard Knapp was injured on his premises on January 7, 1969.
>
> 18. Subsequent to January 7, 1969, Mr. Dumont, it is true, learned indirectly that Mr. Knapp was hospitalized and that he, Mr. Knapp, had told two persons, as herein before found, that he contemplated legal action against him but on the basis of the facts as they existed at the time of the claimed occurrence, the plaintiff, Mr. Dumont, acting as a reasonable prudent man, did not have reason to believe that a claim for damage would arise or even that Mr. Knapp had been injured in any way.

19. The Court is satisfied that the plaintiff's delay in giving notice to his insurer is an excusable delay; the plaintiff has discharged his burden of proof in this respect."

As this Court said in *Nelson* v. *Travelers Insurance Co.*, 113 Vt. 86, 98, 30 A.2d 75 (1943):

"[T]he requirement of written notice is of the essence of the insurance contract and failure to comply with it, unless waived by the company or otherwise set at naught, voids any liability of the company under the policy."

It is the contention of the company here that the lower court committed error in not finding that Paul Dumont violated the notice conditions of the policy by failing to give oral or written notice to the defendant company for a period of more than four months from the time Dumont was informed that Bernard Knapp had been injured on Dumont's premises owing to Dumont's act, and more than three months after Dumont was told that Knapp was contemplating suit against Dumont.

The phrase "as soon as practicable" in an insurance policy has uniformly been construed to mean with reasonable dispatch, in view of all the circumstances of each particular case. *United States Fidelity & Guaranty Co.* v. *Giroux, supra,* 129 Vt. at 159.

"The question of whether the delay is explained or excused is one for the trier to decide and the burden of proof is upon the party who had the duty of giving notice. Delay in notice is generally held excusable in the case of an accident which is trivial and results in no apparent harm, or which furnished no ground for an insured, acting as a reasonable and prudent man, to believe at the time that a claim for damage will arise." *Giroux, Id; Houran* v. *Preferred Accident Insurance Co.,* 109 Vt. 258, 266, 195 A. 253 (1938).

There is no disagreement here that the "occurrence" in the instant case happened on January 7, 1969. The chancellor found (Findings 5, 6, 7 and 8) that on that date, Mr. Knapp

did make an angry appearance before Mr. Dumont to complain about Mr. Dumont placing a wire on his own property, at a point on a snowmobile trail. But he did not make a claim that this wire had been the cause of any injury to him or his property, nor did he inform Mr. Dumont that he had been injured in any way. The threat by Mr. Knapp of possible suit against Dumont was only "if he, Mr. Dumont, continued to block what he, Mr. Knapp, called his snowmobile trail across Mr. Dumont's property." Such findings have not been questioned here and are amply supported by the evidence given below.

Some three days later, Mr. Dumont was told by telephone, by a Mr. Jackson, that Knapp was in the hospital because of injuries received on January 7, 1969. A reading of the transcript offers no indication that Jackson was an agent of Knapp, or even that he was a person who was acquainted with Mr. Dumont, and it must be remembered that Mr. Dumont had had a personal interview with Mr. Knapp on January 7, 1969, and that Knapp at that time made no claim of injury.

A month after the occurrence, Mr. Dumont was told by some person that Knapp had told such person that he was contemplating a suit against Mr. Dumont. Again, Mr. Dumont's own information, received directly from Mr. Knapp, was that a suit against him was threatened by Knapp only if he blocked the snowmobile trail in the future. It is apparent that the chancellor, as the trier of fact, found that these incidents furnished no ground for the plaintiff, acting as a reasonable and prudent man, to believe that a claim for damage would arise, a fact which was for the trier to decide.

It should be added also, that whether or not the event, which was the occurrence on January 7, 1969, in the instant case, furnished an excuse for Dumont, acting reasonably, from giving notice to the insurance company must be resolved on the basis of the facts as they existed at the time of the incident and cannot be established by subsequent events. *United States Fidelity & Guaranty Co.* v. *Giroux, supra,* 129 Vt. at 160.

The defendant here, having excepted to the judgment, raises only the question as to whether the judgment is supported by the facts found. The findings of fact made by

the chancellor are supported by the evidence, read in the light most favorable to the finding. *Graham* v. *Slayton,* 122 Vt. 425, 175 A.2d 809 (1961).

*Judgment affirmed.*

**Shangraw, C.J.,** Dissenting. In construing the phrase contained in plaintiff's policy that notice of an occurrence shall be given "as soon as practicable", this Court held in the case of *United States Fidelity & Guaranty Co.* v. *Giroux,* 129 Vt. 155, 159, 274 A.2d 487 (1971), that such phrase means "with reasonable dispatch." In *United States Fidelity & Guaranty Co.* v. *Gable,* 125 Vt. 519, 522, 220 A.2d 165, 167 (1966), it was held that "[T]here may be circumstances that will explain or excuse a delay in giving the notice required by a policy of insurance, and show it to be reasonably prompt." The burden is cast on the insured to explain or excuse such delay.

The object of the clause requiring the insured to give written notice of any accident is to afford the insurer an early opportunity to make at least a preliminary investigation of all circumstances surrounding the incident. An investigation made long after an accident has occurred, as everyone knows, is done with great difficulty, and often times with little promise of success. More particularly in this case, in that the alleged accident occurred in the winter and the insurer was not notified or afforded an opportunity to investigate until early summer. Physical conditions had in the meantime materially changed which no doubt would hamper defense preparations.

As related in the opinion defendant called on the plaintiff January 7, 1969, in an angry and disturbed state of mind by reason of the fact that plaintiff had placed a wire across a snowmobile trail on his property. Defendant had apparently contacted the wire in the operation of his snowmobile in that he then confronted plaintiff with a piece of wire similar to the aluminum wire the plaintiff had admittedly placed across the trail. Defendant then threatened plaintiff with suit provided plaintiff continued to block the trail.

Within three days thereafter plaintiff was informed that the defendant was in a hospital by reason of injuries re-

ceived on January 7, 1969. About a month later plaintiff was further informed by a third person that defendant contemplated bringing suit against the plaintiff. At this point the danger signal had been hoisted and in plain view by the plaintiff. Had he acted as a reasonable and prudent man notice should have been given by him to his insurance carrier. The defendant brought suit May 14, 1969. Not until then did plaintiff inform his insurance company of the alleged accident.

It is admitted that plaintiff failed to notify the insurance carrier of the accident in question until after suit was brought —over four months after the occurrence took place. Plaintiff failed to act with reasonable dispatch. Under the facts as set forth in the majority opinion, it is my view that the trial court's conclusionary finding No. 19 that "[P]laintiff's delay in giving notice to his insurer is an excusable delay" is without factual support.

I would reverse and enter judgment that the defendant, Vermont Mutual Fire Insurance Company, is not required to defend or indemnify the plaintiff, Paul Dumont, in the action entitled *Bernard R. Knapp* v. *Paul Dumont,* Lamoille County Court, Docket No. 3325.

**Barney, J.,** Concurring. I am in full accord with the result reached in this case. This concurrence is advanced only to suggest my concern about the present state of our law about notice provisions in insurance policies. There is no doubt but that there is and must be a duty imposed on a policyholder to do his best to post his insurer concerning potential liability involving his insurer as soon as he can reasonably do so.

It is also quite apparent that, in cases like the present, courts tend to view the facts and test the reasonableness of policyholders who fail to give what might otherwise be immediate notice in a way that avoids making the defense of lack of notice operate to discharge the insurer. *United States Fidelity & Guaranty Co.* v. *Giroux,* 129 Vt. 155, 161, 274 A.2d 487 (1971). See also *United States Fidelity & Guaranty Co.* v. *Gable,* 125 Vt. 519, 523, 220 A.2d 165 (1966). *Houran* v. *Preferred Accident Insurance Co.,* 109 Vt. 258, 195 A. 253 (1938), and *Nelson* v. *Travelers Insurance Co.,* 113 Vt. 86, 30 A.2d 75 (1943), treat the notice provision of the policy as a

condition precedent to performance by the insurer, irrespective of any showing of prejudice. Subsequent courts, in cases such as *United States Fidelity & Guaranty Co. v. Gable, supra,* have been driven to resolve the presence of prejudice under the heading of reasonableness. *Stonewall Insurance Co. v. Moorby,* 130 Vt. 562, 298 A.2d 826 (1972).

Since treating the requirement of notice as a condition precedent can lead to the loss of all policy protection, without any examination as to its actual effect on the insurer's ability to defend, I would favor reexamination of the holdings of *Houran v. Preferred Accident Insurance Co., supra,* and *Nelson v. Travelers Insurance, Co., supra.* At the very least, it would seem that the measure of loss of insurance coverage ought not to outrun the demonstrated prejudice to the insurer, rather than leaving it as an all or nothing proposition as it now is. The present penalty now so far outreaches the purposes of the provision as to leave insureds subject to the withdrawal of protection for trivial reasons. This is an invidious kind of forfeiture that can be damaging to both an unwary insured and an innocent injured.