821 F.2d 164
 UNITED STATES of America (Small Business Administration),
the Vermont National Bank, Plaintiffs,
United States of America (Small Business Administration),
Plaintiff-Appellant,
v.
COMMERCIAL UNION INSURANCE COMPANIES, Defendant-Appellee.
 No. 909, Docket 86-6241.
 United States Court of Appeals,
Second Circuit.
 Argued March 11, 1987.
Decided June 22, 1987.
 
 Robert F. O'Neill, Asst. U.S. Atty., D. Vt., Burlington, Vt. (George J. Terwilliger, III, U.S. Atty., Patti R. Page, Asst. U.S. Atty., D. Vt., Burlington, Vt., of counsel), for plaintiff-appellant.
 Douglas Richards, Springfield, Vt. (Michael F. Hanley, Plante, Richards, Hanley & Gerety, Springfield, Vt., of counsel), for defendant-appellee.
 Before MESKILL and NEWMAN, Circuit Judges, and METZNER,* District Judge.
 MESKILL, Circuit Judge:
 
 
 1
 The Small Business Administration (SBA) appeals from the judgment entered after a bench trial before the United States District Court for the District of Vermont, Coffrin, C.J., holding that its insurance claim was time barred by the one year contractual limitation contained in a personal property insurance policy issued by Commercial Union Insurance Companies. We reverse and remand.
 
 BACKGROUND
 
 2
 T.A. Electronics (T.A.) was a Springfield, Vermont corporation that manufactured circuit boards and other electronic components. In 1979 and 1981, T.A. borrowed $164,500 from Vermont National Bank in a series of loans guaranteed by the Small Business Administration and secured by a mortgage on T.A.'s inventory and equipment. T.A. insured the collateral against casualty loss as required by the loan agreements by purchasing a policy from a subsidiary of Commercial Union Insurance Companies.
 
 
 3
 The policy covered the period from August 5, 1980, to August 5, 1983, and imposed on T.A. as conditions of coverage numerous duties and restrictions. Paragraph 15 of the policy reads: "No suit shall be brought on this policy unless the insured has complied with all policy provisions and has commenced the suit within one year after the loss occurs."
 
 
 4
 Attached to and forming part of the policy was a standard form lender loss payable clause. It reads, in pertinent part: "This insurance, solely as to the interest therein of the lender ... shall not be impaired or invalidated by any act or neglect of the borrower, mortgagor or owner of the within described property except as provided in the last paragraph hereof...." The "last paragraph" reads: "All of the terms and conditions of the policy to which this Endorsement is attached and of which it is a part remain unchanged...."
 
 
 5
 In March 1981, T.A. failed to make a required premium payment on the insurance policy. Commercial Union promptly cancelled T.A.'s coverage. In June 1981, T.A. filed a petition in bankruptcy. On the following November 12, fire destroyed T.A.'s property in Ludlow, Vermont, including the collateral securing the bank loans.
 
 
 6
 T.A. did not report the fire to Commercial Union; neither did Vermont National, although it was aware at an early date of the destruction of its collateral. Five months after the fire, the bankruptcy court approved the Trustee's report of no distribution and closed the estate.
 
 
 7
 In mid-October 1984, Commercial Union was notified that the bank would make a claim under the policy. A few days later the bank assigned its interest in the insurance policy to the SBA. In November 1984, almost three years after the fire, but well within the general six year Vermont statute of limitations for civil actions, 12 V.S.A. Sec. 511 (1973), Vermont National, as mortgagee claiming under the lender loss payable clause, commenced this action against Commercial Union. SBA joined the action as Vermont National's assignee. Commercial Union answered, pleading among its special defenses the policy's one year limitation period.
 
 
 8
 After a bench trial, the court held that Commercial Union never cancelled the loss payable clause with respect to the bank, a holding not challenged on appeal. The court considered but found unpersuasive Vermont National's argument that the one year limitation in paragraph 15 applied only to "the insured" and not to the mortgagee. The court concluded that the lender loss payable clause incorporated and was consistent with the policy's one year limitation period. It found the period reasonable under the circumstances and held that recovery under the policy was time barred.
 
 
 9
 SBA brought this appeal.
 
 DISCUSSION
 
 10
 The Vermont courts have not previously considered whether a standard mortgage clause binds a mortgagee to a limitation period that appears in the underlying policy and is addressed specifically to "the insured." Nevertheless, we believe that the Vermont Supreme Court would read the lender loss payable clause in this case as a standard mortgage clause, see Christopher & John, Inc. v. Maryland Casualty Co., 484 F.Supp. 609, 611 (S.D.N.Y.1980), and would interpret its effect in substantially the same way that New York courts do, see id. at 611 n. 1. Our decision, however, ultimately rests on principles of insurance contract construction well established in Vermont. We hold that the contract rights of Vermont National under the lender loss payable clause used by Commercial Union were not forfeited by the failure to bring suit within one year because we find the use of the term "insured" in the policy time limitation sufficiently ambiguous to be construed against Commercial Union. See Stonewall Ins. Co. v. Moorby, 130 Vt. 562, 566, 298 A.2d 826 (1972).
 
 
 11
 A standard mortgage clause is intended to protect the interests of a mortgagee from any acts or omissions amounting to a default by the insured. Christopher & John, 484 F.Supp. at 611; 5A J.A. Appleman & J. Appleman, Insurance Law and Practice Secs. 3401, 3402 (1970); 10A Couch on Insurance 2d Sec. 42:716 (Rev. ed. 1982). Such a clause operates as a separate contract between the mortgagee and the insurer, Grady v. Utica Mutual Ins. Co., 69 A.D.2d 668, 419 N.Y.S.2d 565, 569 (2d Dep't 1979); 10A Couch Sec. 42:728; see Wholesale Sports Warehouse Co. v. Pekin Insurance Co., 587 F.Supp. 916, 920 (S.D. Iowa 1984) ("Under the standard mortgage clause, 'the indemnity of the mortgagee is not placed at the whim of his debtor, and is subject only to breaches of which the mortgagee is, himself, guilty.' ") (quoting 5A Appleman Sec. 3401 at 292), and gives the mortgagee an insured interest that the insured does not have, Satchell v. Insurance Placement Facility of Pennsylvania, 241 Pa.Super. 787, 361 A.2d 375, 380 (1976).
 
 
 12
 Commercial Union appended the "last paragraph" containing a blanket preservation of "all of the terms and conditions of the policy" to the otherwise routinely drafted lender loss payable clause to limit the mortgagee's rights as much as possible. According to Commercial Union, this "last paragraph" is the mechanism by which the policy time bar applies to defeat the claim of the mortgagee. We disagree. We reject Commercial Union's compound argument that the contractual time limitation in the policy necessarily governs the lender loss payable clause and that the term "insured" in the time limitation in this policy does not mean exactly what it says.
 
 
 13
 Despite the separate nature of a standard mortgage clause, reference to the policy is necessary to determine the limits of the insurance coverage to which the mortgagee is entitled. General Motors Acceptance Corp. v. Western Fire Ins. Co., 457 S.W.2d 234, 236-37 (Mo.App.1970); Mortgagee Affiliates Corp. v. Commercial Union Ins. Co. of New York, 27 A.D.2d 119, 276 N.Y.S.2d 404, 406 (2d Dep't 1967); 10A Couch Sec. 42:731. Vermont courts apply the principle that contracts of insurance must be interpreted practically, reasonably and fairly. E.g., Wendell v. Union Mutual Fire Ins. Co., 123 Vt. 294, 297, 187 A.2d 331 (1963). Thus, even without the "last paragraph," we would enforce a policy clause setting a general time limitation for bringing suit if a fair reading of the resulting contract warned the mortgagee that, as a practical matter, the mortgagee and not just "the insured" would be in default for non-compliance.
 
 
 14
 The question that controls this case, therefore, is whether the contract terms reasonably informed the mortgagee that the one year period that binds "the insured," also binds it. Our decision to reverse is based on our conclusion that mortgagee Vermont National could not be so informed by the contract which is so palpably ambiguous.
 
 
 15
 " 'It is a fundamental rule that a policy of insurance must be construed liberally in respect to the person insured and strictly with respect to the insurer.' " Stonewall Ins. Co., 130 Vt. at 566, 298 A.2d 826 (quoting Valente v. Commercial Ins. Co., 126 Vt. 455, 459, 236 A.2d 241 (1967)). " 'We believe the general rule, that conditions in insurance policies inserted for the benefit of the company should be strictly construed against it, to be a sound one.' " Mosley v. Vermont Mutual Fire Ins. Co., 55 Vt. 142, 147 (1883) (quoting Turner v. Meridan Fire Ins. Co., 16 F. 454, 458 (D.R.I.1883)).
 
 
 16
 Our decision is not inconsistent with cases that require mortgagees to comply with policy terms that are as clearly applicable to mortgagees as to the insured. For instance, a policy time bar differing in a slight but determinative manner from the one before us was upheld in Howe v. Mill Owners' Mutual Fire Ins. Co. of Iowa, 241 A.D. 336, 271 N.Y.S. 639 (4th Dep't 1934). In Howe, a windstorm insurance policy contained the clause: " 'No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, nor unless commenced within twelve months next after the windstorm." 271 N.Y.S. at 641 (quoting from policy; emphasis in opinion). The court upheld the policy time bar because the bar "entered into the substance of the contract which plaintiff is seeking to enforce and may properly be held to bind him as mortgagee to whom the insurer has obligated itself ... by the mortgagee clause." Id. at 643. The court found the time bar provision "clear and unambiguous" because it was "broad in scope, and so far as the rights of the plaintiff mortgagee are concerned, it is not contingent upon nor does it relate itself to any personal default or omission by the owner." Id. (emphasis added). The court denied the mortgagee's claim because of the mortgagee's own failure to bring suit within the contract period.
 
 
 17
 The time limitation in Commercial Union's policy, however, imposes its one year restriction on "the insured." Commercial Union's policy, therefore, is distinguishable from the policy in Howe and from the several similar cases cited by Commercial Union, see Br. of Appellee Commercial Union at 10, citing Greater Providence Trust Co. v. Nationwide Mutual Fire Ins. Co., 116 R.I. 268, 355 A.2d 718 (1976); Satchell v. Insurance Placement Facility of Pennsylvania, 241 Pa.Super. 287, 361 A.2d 375 (1976); see also Canton Realty Co. v. Home Ins. Co., 118 R.I. 361, 373 A.2d 1196 (1977), because Commercial Union's policy's time bar specifically "relate[s] itself to [a] personal default or omission by the [insured]." Cf. Howe, 271 N.Y.S. at 643.
 
 
 18
 Commercial Union cites Mortgagee Affiliates for the proposition that a policy term "clothes the mortgagee with the responsibilities of the insured" despite policy language clearly ascribing the claimed duty to "the insured." In Mortgagee Affiliates, a mortgagee claiming under a standard mortgage clause refused to comply with a policy provision that required "the insured" to submit to examination under oath in order to fix the amount of the loss. 276 N.Y.S.2d at 405. The Appellate Division determined that the provision was consistent with the standard mortgage clause and was a reasonable safeguard against fraudulent and erroneous loss payments. The court considered and rejected a strict, technical holding that the mortgagee was exempt because it was not the insured. Because the mortgagee's refusal was a continuing bar to recovery, the court ordered entry of summary judgment unless the mortgagee submitted to the required examination within twenty days. 276 N.Y.S.2d at 407.
 
 
 19
 Mortgagee Affiliates differs significantly from the case at hand because, even though it held the mortgagee to a requirement addressed only to the insured, the ruling was prospective and apparently designed to force compliance with a provision designed to avoid fraud. See also Wells Fargo Bank International Corp. v. London Steam-Ship Owners' Mutual Ins. Ass'n, 408 F.Supp. 626, 629 & n. 9, 630 (S.D.N.Y.1976) (even if standard mortgage clause were found, mortgagee would nevertheless be required to arbitrate dispute under policy term confined to "the insured;" stay granted pending arbitration). In contrast, Commercial Union asks for a ruling that would bar the mortgagee's claim forever.
 
 CONCLUSION
 
 20
 The district court erred in ruling that this action was barred by the contractual time limitation. Therefore, we vacate the judgment and remand for further proceedings consistent with this opinion.
 
 
 
 *
 Honorable Charles M. Metzner, United States District Judge for the Southern District of New York, sitting by designation